# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **AMERISOURCE CORPORATION** | **CIVIL ACTION NO. 02-0046** |
| **VERSUS** | **DISTRICT JUDGE ROBERT G. JAMES** |
| **PROFESSIONAL PHARMACY SERVICES, INC.** | **MAGISTRATE JUDGE JAMES D. KIRK** |

## TEMPORARY RESTRAINING ORDER AND ORDER APPOINTING TEMPORARY RECEIVER

Before the court is Plaintiff's motion [Doc. No. 85] for the appointment of a temporary receiver and for a temporary restraining order. This Court is well familiar with these proceedings. Plaintiff filed the motions on March 10, 2006, showing service on Defendants' counsel. No opposition has been filed by Defendants.

On March 14, 2006, a telephone conference was held before U.S. Magistrate James D. Kirk, with counsel for both parties in attendance. Defendants' counsel confirmed to Magistrate Judge Kirk that the motions had been provided by him to his clients, without response. Further, Defendants' counsel advised the Court that he has advised Plaintiff's counsel that his clients have expressed the intent of "shutting down" the Defendant corporation, Professional Pharmacy Services, Inc. effective April 1, 2006, and that it has "found" another pharmacy services provider to service Defendants' clients and patients. Plaintiff has shown, without opposition, but with notice, that such action is contrary to the Bankruptcy Plan and is contrary to the parties' stipulated resolution of Defendant's first motion for the appointment of a temporary receiver [Doc. No. 68] approved by Magistrate Judge Kirk at the hearing on that motion in March of 2005. The intended action of Defendants would also strip the corporation of its clients and patients and would eliminate any meaningful chance Plaintiff may

have to recover on its claims against the corporation.

Therefore, I find by clear and convincing evidence, that there is a substantial likelihood of success by Plaintiff on the merits of its claims; there is a substantial threat of irreparable harm, as described above, if an injunction is not granted; the threatened injury outweighs the threatened harm to Defendants and the granting of an injunction will not disserve the public interest. See Canal Authority v. Callaway, 489 Fed.2d 567 (5th Cir. 1974). Pursuant to Federal Rule of Civil Procedure 65,

IT IS ORDERED that a temporary restraining order issue, upon posting of security by Plaintiff in the amount of $25,000, enjoining and prohibiting Defendant, Professional Pharmacy Services, Inc., and its directors, officers, agents, and shareholders from disposing of any of the property of or changing the status or the affairs of Professional Pharmacy Services, Inc., pending hearing on the issuance of a preliminary injunction and/or trial on the merits. It is the intent of this INJUNCTION that the status quo of Professional Pharmacy Services, Inc. be maintained until further order of this court.

IT IS FURTHER ORDERED that, pursuant to La. R. S. 12:151 and Kohler v. McClellan, 156 F.2d 908 (5th Cir. 1946), a temporary receiver be appointed to take control of the affairs of the Defendant which appointment shall cease upon the appointment by this court of a permanent receiver, if any. Counsel for Plaintiff shall initiate as soon as practicable a telephone conference with Magistrate Judge Kirk and counsel for Defendant for the purpose of naming a temporary receiver.

Monroe, Louisiana, this 15th day of March, 2006.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE