
RECEIVED
IN MONROE, LA
APR 0 3 2006
mry
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AMERISOURCE CORPORATION | CIVIL ACTION 3-02-0046 |
| VERSUS | DISTRICT JUDGE ROBERT G. JAMES |
| PROFESSIONAL PHARMACY SERVICES, INC. AND TIMOTHY THERON JACKS | MAGISTRATE JUDGE JAMES D. KIRK |

## RULING

On March 9, 2006, Plaintiff Amerisource Corporation ("Amerisource") filed a motion for the appointment of a temporary receiver and for a temporary restraining order ("TRO") [Doc. No. 85]. A telephone conference was held before Magistrate Judge James D. Kirk on March 15, 2006, and after consultation with Magistrate Judge Kirk, the motion was granted [Doc. No. 91]. Because the TRO was set to expire on March 29, 2006, the Court set a hearing prior to its expiration to determine whether a preliminary injunction should issue.

### I.     Evidence Presented At Hearing

On March 24, 2006, a hearing was held.[1] Attorneys for Amerisource presented the affidavit and reports prepared by its expert, Douglas Finegan, CPA. They also presented the affidavit and

---

[1] Prior to the hearing on the motion, the Court granted the Motion to Withdraw [Doc. No. 82] by the attorney for Defendants, Rex Rainach. The Court explained to Defendant Timothy Theron Jacks ("Jacks") that he could represent himself, pro se, but that he could not represent the Defendant corporation, Professional Pharmacy Services ("PPS"). Because the injunction was sought against the corporation, but not against Jacks in his individual capacity, PPS was unrepresented at the hearing. The Court explained to Jacks, however, that if PPS obtains counsel, the Court will entertain a motion to reconsider or other appropriate motion.

1

reports from James Lowery, an independent accountant and CPA who was appointed by order of the Court to conduct a audit of PPS's business,[2] including a review of the financial records and bank statements. Defendant Jacks, who is the President and sole shareholder of PPS, testified at the hearing.

## II. Law and Analysis

A preliminary injunction is an extraordinary remedy that should not be granted unless the movant demonstrates by a clear showing:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable harm if the injunction is not granted;

(3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and

(4) that the injunction will not undermine the public interest.

*Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997). The party seeking the preliminary injunction must "clearly carry the burden of persuasion on all four . . . prerequisites." *Cherokee Pump & Equip., Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir.1994) (citing *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir.1985)).

In this case, the Court finds that Amerisource has met its burden on each element. As to the first element, success on the merits, Amerisource has five causes of action in this case: appointment of receiver (Count I), for an accounting of PPS's books and records (Count II), breach of contract (Count III), for piercing the corporate veil (Count IV), and intentional interference with contractual relations (Count V). Amerisource need only show that it has a substantial likelihood of success on one of these actions.

---

[2]*See* Parties' Stipulation, signed by Magistrate Judge Kirk on March 29, 2005. [Doc. No. 68].

2

The affidavits and reports from Lowery show that PPS and Jacks have failed to provide all the financial information necessary to complete his review and to determine whether PPS is in compliance with its bankruptcy reorganization plan and this Court's orders. PPS has also failed to pay Lowery, as required by the parties' stipulation. The affidavits and reports from Finegan show that PPS has failed to apply generally accepted accounting principles and has failed to properly manage PPS's cash box, affecting the accuracy of its books. Finegan further opines that PPS is or has been paying excessive salaries to Jacks and his family and making payments on personal loans to a former principal in PPS, who is now deceased.

The affidavits and reports are supported by Jacks' own testimony. Jacks admits that he took money from the cash reserve box for personal expenses, although he characterized them as "loans from [his] payroll." He also admitted that he previously said he would "shut down" PPS this year, but explained that he meant it would "shut itself down" when there is no longer money to operate it.

From the affidavits, reports, and Jacks' testimony, the evidence to the Court is clear that PPS is in financial distress, that some of that distress appears to have been caused by actions of Jacks, and that PPS has been unwilling or unable to provide proper financial documentation to the accountant appointed to review its records. Under these circumstances, the Court finds that Amerisource has, at the very least, shown a likelihood of success on its claim that a receiver should be appointed and that an accounting of PPS's books and records is appropriate.

With regard to the second element, if the preliminary injunction is not granted, the Court finds that there is a significant threat that PPS will be shut down if some action is not taken. This result would effectively prevent Amerisource from recovering from PPS if Amerisource prevails at trial. Accordingly, there is a substantial threat of irreparable harm to Amerisource.

With regard to the third and fourth elements, the Court finds that the threatened injury caused

by PPS's actions outweighs any harm that may result from the injunction to PPS. Amerisource seeks only to maintain the status quo at PPS; therefore, the potential damage to Amerisource outweighs any harm that may result to PPS from the injunction. Likewise, an injunction to maintain the status quo of this company will not undermine the public interest, but would in fact serve the public interest to the extent that it will help keep PPS in business.

Thus, the Court concludes that Amerisource has shown by clear evidence that it meets all four of the necessary elements for injunctive relief.

## III. Conclusion

For the foregoing reasons, the Court finds that a preliminary injunction should issue in this matter, secured by the $25,000 bond posted by Amerisource on March 23, 2006 [Doc. No. 98]. Defendant, Professional Pharmacy Services, Inc., and its directors, officers, agents, and shareholders are enjoined and prohibited from disposing any property of or changing the status or the affairs of Professional Pharmacy Services, Inc., pending a trial on the merits in this matter. It is the intent of the Court that the status quo of PPS be maintained until further order of this Court.

Monroe, Louisiana, this 3 day of April, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

4